McBRIDE, Judge.
Plaintiff, Thomas M. Tooker, recovered judgment against defendant, Shirley T. Zuberbier, for the sum of $608.28, representing the damages sustained by Took-er’s automobile when it was run into from the rear by an automobile driven by Miss Zuberbier on the morning of November 21, 1956, on Nashville Avenue near Willow Street in the City of New Orleans-The defendant has appealed devolutively.
Our examination of the testimony convinces us that the accident was caused solely because of the negligence of defendant; her counsel in this court does not pretend that she was not negligent but, on the contrary, seems to concede that she was.
Appellant complains that the trial judge erroneously overruled the exception of no cause of action interposed against plaintiff’s petition. On her behalf it is argued that the petition insofar as it sets forth the damage allegedly inflicted on plaintiff’s automobile is entirely too vague and general to disclose an adequate cause of action.
The petition recites:
■ “That as a result of the said collision, your petitioner’s automobile was damaged; and that the cost of repairing the damages thereto amounted to the sum of $608.39.”
Merely because the above allegation may be vague and general, it should not be said that there is no cause of action set forth in the petition. We think that the petition sets forth a cause of action. If defendant deemed the aforesaid allegation insufficient to permit her to defend the suit, her appropriate remedy was to file an exception of vagueness in limine to seek clarification of the allegation and not rely on the exception of no cause of action. Brunson v. Mutual Life Ins. Co. of New York, 189 La. 743, 180 So. 506; Weaver Bros. Realty Corporation v. Voight, La.App., 191 So. 580; Stortz v. New Orleans Public Service, Inc., La.App., 141 So. 814.
Appellant’s counsel also objected to any and all evidence sought to be adduced by plaintiff to prove the amount of his damage on the ground that the allegation was too general to permit proof being adduced in support thereof and the trial *746 judge overruled such objection. We think the ruling proper for the reason that when defendant answered the suit without having filed an exception of vagueness, she waived any right to complain of the insufficiency or generality of allegations. Davis v. Madden, 27 La.Ann. 632.
The contention is also made by appellant that the evidence produced by plaintiff fails to prove the amount of the cost of repairing his car.
Plaintiff’s vehicle was an imported automobile which he had purchased when new about one month prior to the accident. It was severely damaged as a result of the accident.
British Motors, Inc., the dealer in New Orleans handling that type of car, furnished the parts and labor necessary to place the vehicle in good repair, and the charges therefor amounting to $595.63 were paid by plaintiff by means of a check, which is part of the evidence in the case. Additionally, plaintiff paid Stephens Buick Company the sum of $12.65 for a new exhaust pipe to replace the one ruined by the accident, as this particular part for the car could not be supplied by British Motors, Inc.
Plaintiff’s evidence shows that at the time of the trial in the district court British Motors, Inc., was no longer engaged in business. Plowever, he testified that he is an experienced amateur automobile mechanic and is familiar with the repairing of automobiles and the parts thereof and that all of the parts and repairs listed on the bill submitted by British Motors, Inc., actually went into the car. He states he often visited the shop of British Motors, Inc., during the course of the work and knows of his own knowledge that such parts as were placed in the car were necessary because of the damage caused by the accident.
Under the circumstances plaintiff sufficiently proved the amount of his claim. True, he did not produce as a witness the mechanic who made the repairs, but his explanation that British Motors, Inc., was no longer in business is an acceptable explanation for his failure to do so. The fact that he understands automobile mechanics and saw the work being done and the parts installed and knows the cost thereof, his testimony is sufficient to make out his case.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.