REGAN, Judge.
Plaintiff, John C. Gambrell, instituted this suit against the defendants, Audubon Insurance Company, his automobile collision insurer, and J. PI. Rose Truck Line, Inc., endeavoring to recover the sum of $734.29 for property damage incurred when plaintiff’s parked automobile was struck by a vehicle, owned by J. IT. Rose Truck Line, Inc. Plaintiff then prayed for penalties and attorney’s fees, asserting that the defendants had arbitrarily refused to satisfy his claim.
Defendant, Audubon Insurance Company, answered and admitted its liability, but insisted that plaintiff’s claim was grossly inflated, since the actual damage totaled $62.18; that its contract of collision insurance with him contained a $50 deductible clause, therefore, it owed him $12.18, which it tendered but which was refused. While the defendant truck company answered and filed a general denial, on the trial below it stipulated that the accident occurred as plaintiff alleged and only resisted plaintiff’s claim as to quantum, penalties and attorney’s fees, as did its codefendant.
From a judgment in favor of the plaintiff for $62.18, plus legal interest and costs, and dismissing plaintiff’s suit in all other respects, he has prosecuted this appeal.
On July 5, 1955, plaintiff, a traveling salesman, parked his car properly in a roadway in Houma, Louisiana. While plaintiff was calling on one of his customers, an employee of the trucking company negligently backed a truck-trailer into the side of' plaintiff’s automobile.
That same day plaintiff drove the automobile back to New Orleans. The following day plaintiff obtained three estimates of the cost to restore the car to the condition it was in before the accident, one from Uptown Motors for $673.88, a second from Moisant Service Center for $764.72, and a third from Carter’s Body and Paint Shop for $764.27. These estimates are all dated' July 6, 1955 and the itemized damages are set forth therein in words which are almost identical.
The plaintiff testified that the automobile damaged through the truck driver’s negligence was a 1955 Dodge sedan, which he had purchased six months before the accident. He stated that he had driven the car less than 1,000 miles since he acquired it, although all the estimates indicate the speedometer reflected approximately 7,500' miles traveled when plaintiff’s estimators examined the automobile.
On July 7, 1955, or two days after the accident, plaintiff purchased a new 1955 Pontiac. He traded the damaged Dodge in and was allowed $2,500 thereon, which sum, together with $800 cash, represented the price of the new automobile.
To support his contention that the defendants acted arbitrarily and capriciously in processing his claim and refusing to reimburse him for his loss, plaintiff stated that he called his own insurer, Audubon. Insurance Company, and the office of J. H. Rose Truck Line to report the accident the-same day it occurred. He stated the trucking company insurance adjuster advised *729 him to obtain and submit three estimates. While he denied that the adjuster had requested or attempted to see his automobile to ascertain the validity of his claim, he admitted on cross examination that he had advised the adjuster that the automobile could be seen at Uptown Motors on July 7, which was the same day he traded the automobile to Pattison Pontiac Company.
To refute the evidence offered by plaintiff to establish the amount of damages he incurred, the defendants called the estimator and foreman employed by the service division of Pattison Pontiac, who both testified unequivocally that the automobile in question had been repaired for approximately $36. Both witnesses, experienced in auto repair work, stated that the repairs restored the car to the same condition it was in prior to the accident. They also said that the cost of the same repair job for a private individual would amount to the sum of $62.18.
After the damage was repaired, the automobile was sold to Ally Plassan, who appeared and testified on behalf of the defendants. He said that he purchased the ■car about two weeks after the accident, and, at the time of the trial, that he had owned the automobile more than three years and was thoroughly satisfied with its performance.
George C. Ehmig, an adjuster for New 'Orleans Rosenbush Claims Service, the firm assigned to process the claim of plaintiff against the J. H. Rose Truck Line and its insurer, the Transport Insurance Company, testified that he first spoke with plaintiff on July 6, 1955. At that time plaintiff told the adjuster that he could see the automobile at Uptown Motors. Ehmig stated that he went to Uptown Motors some five times between July 7th and July 10th in an attempt to evaluate the property damage. The plaintiff did not inform the insurance adjuster that he had traded the damaged ■car on July 7th. Thereafter, Ehmig and an adjuster for the Audubon Insurance Company traced the damaged car to Patti-son Pontiac. Upon learning that the car had been repaired and the cost thereof, the defendants offered to pay plaintiff the amount of the repair bill, which he refused.
The questions which this appeal has posed for our consideration are whether sufficient damages were awarded below and whether the defendants’ actions in processing this claim were arbitrary, so as to entitle the plaintiff to recover penalties and attorney’s fees.
Counsel for plaintiff, for the first time on appeal, urges that the correct way to measure this damage is to calculate the value of the vehicle in question as of the date of the loss, allowing a depreciation based on the premise that the life of a car is four years, then obtain a bid to trade the damaged vehicle for a new vehicle identical to the damaged one, minus the depreciation. Plaintiff himself has rendered it impossible to apply this formula, even if we should agree with its validity. In his brief, counsel for plaintiff states that he attempted to trade the damaged automobile at Uptown Motors to procure an identical 1955 Dodge, and that that company assigned a trade-in value of $1,500 to the damaged car. This contention is not supported by the record, for plaintiff in the course of his testimony related that he endeavored to trade another car he owned for the new Dodge.
An alternative method, suggested by plaintiff to calculate the loss, is to average the three estimates plaintiff obtained, which amounts to $734.29, the amount prayed for below.
Defendants urge that sheer logic militates against the credibility of plaintiff’s itemization of damages, for the Pontiac company would never have allowed the sum of $2,500 as a trade-in on a car damaged to the extent plaintiff alleges. Furthermore, counsel urge, the damages were correctly ascertained by the trial judge who referred to the cost of the repair bill, which restored the automobile to its original condition before the accident. The *730 present owner of the car has attested to the fact that the repairs made were satisfactory, and that the vehicle at the time of purchase by him appeared to be brand new, except for the mileage appearing on the speedometer.
Our jurisprudence is to the effect that damages may be predicated on the basis of estimates only when the damage has not been repaired; however, if by repair, the car has been restored to its original condition, then the proper basis for assessing damages is the repair bill.[1]
In the present case the automobile was actually repaired; therefore, plaintiff can recover no more than the cost thereof necessary to restore the vehicle to its original condition.
We are of the opinion that the judgment is correct in all respects, for rather than establishing that defendants acted arbitrarily or capriciously, we have concluded after a careful review of the record that the plaintiff laboriously endeavored to inflate his claim for property damages, and in so doing, hampered the efforts of the adjusters to settle this matter expediently and justly.
For the reasons assigned, the judgment appealed from is affirmed; plaintiff is to pay all costs of this appeal.
Affirmed.

. Foshee v. McGee, La.App.1954, 87 So.2d 754.