148 So.2d 162 (1962)
U. S. FIDELITY & GUARANTY CO., Plaintiff-Appellee,
v.
E. J. BERGERON, Defendant-Appellant.
J. Randall GOODWIN, Plaintiff-Appellee,
v.
E. J. BERGERON, Defendant-Appellant.
No. 5640.
Court of Appeal of Louisiana, First Circuit.
November 9, 1962.
Rehearing Denied December 14, 1962.
*163 Richardson & Gallaspy by John N. Gallaspy, Bogalusa, for appellant.
Watson, Blanche, Wilson, Posner & Thibaut by James F. Pierson, Jr., Baton Rouge, Pittman & Matheny by Iddo Pittman, Jr., Hammond, for appellee.
Before ELLIS, LOTTINGER, HERGET and LANDRY, JJ.
ELLIS, Judge.
These two consolidated cases grew out of an accident that occurred on May 3, 1958 west of the intersection of U. S. Highway 190 and Dunson Road in the Parish of Tangipahoa, State of Louisiana. Plaintiff and appellee, United States Fidelity and Guaranty Company, the collision insurer of J. Randall Goodwin, is seeking to recover property damages to the automobile owned and operated by J. Randall Goodwin. J. Randall Goodwin is seeking to recover for personal injuries, medical and other expenses, and the amount of deductible not paid by his collision insurer.
The District Court rendered judgment in favor of plaintiff, Goodwin, in the amount of $3602.50 which included $3500.00 for physical injuries, pain and suffering; $50.00 deductible property damage not paid by his collision insurer; $23.00 for x-rays and diathermy treatment, and $29.50 for transportation. In the second suit of United States Fidelity and Guaranty Company, the District Court rendered judgment in the sum of $623.00 being the amount paid as property damage, less the $50.00 deductible paid by J. Randall Goodwin.
From this judgment, defendant-appellant, Ernest J. Bergeron, has perfected this appeal.
Prior to the accident Plaintiff, Goodwin, was proceeding along Highway 190 in the Parish of Tangipahoa, State of Louisiana, driving his 1955 Dodge automobile. Defendant, Ernest J. Bergeron, was also proceeding in an easterly direction on Highway 190 immediately ahead of the Goodwin vehicle. Upon approaching Dunson Road, the highway which intersects Highway 190, defendant Bergeron slowed his pick-up truck and made a left turn into Dunson Road. Plaintiff Goodwin, observing that defendant was about to make some maneuver, slowed his vehicle to a stop or a near stop. At the time defendant Bergeron commenced his left turn, there was a vehicle driven by one Sam V. Frazier proceeding westerly on U. S. Highway 190. The Frazier vehicle, at approximately the time of the left turn, veered into the lane occupied by Goodwin and collided with the Goodwin vehicle.
Defendant's account of the accident is to the effect that he observed the on-coming *164 Frazier vehicle and made his left turn while the Frazier vehicle was approximately 200 to 275 feet ahead of him, straddling the white line and proceeding at "35 to 40 or 45 miles per hour". Defendant further testified that the Frazier vehicle was about 30 or 35 feet away from him at the time he had completed his left turn, and that at the time of the accident he was approximately 12 feet off the highway talking to a Mrs. Henderson whose automobile was parked facing south on Dunson Road.
Plaintiff Goodwin's version of the accident was that he was proceeding east on U. S. Highway 190 when he observed defendant Bergeron who had started angling over to the left to make a turn. At this time plaintiff Goodwin testified he did not see the Frazier vehicle because his vision was blocked by the Bergeron vehicle. Immediately after the left turn was made plaintiff saw the Frazier vehicle suddenly come right from behind the truck in the opposite direction, immediately after which the Frazier vehicle struck plaintiff's automobile. Goodwin further testified that at the time of the collision the Bergeron vehicle still occupied part of U. S. Highway 190 and that it was necessary for the Frazier vehicle to swerve out of its proper lane of traffic to the right hand side of the road to avoid hitting Bergeron. In so doing, the Frazier vehicle collided with plaintiff's vehicle causing the damages and injuries complained of.
Patricia Hester, an occupant of the right front seat of the Goodwin vehicle, testified that she had turned around and was talking to someone in the rear seat and essentially all that she remembered was that the truck in front of the Goodwin vehicle executed a left turn, they were hit by a vehicle, and she was knocked out of the car. Tommy Virgits, an occupant of the right back seat of the Goodwin vehicle, testified that he observed the Bergeron vehicle making its left turn and the collision of the Frazier vehicle with the Goodwin vehicle "just sort of instantaneous." Mrs. Maude Henderson, who was in her vehicle on Dunson Road, approximately 12 feet from the intersection of Dunson Road and U. S. Highway 190, testified that she observed defendant's truck as he was giving a signal to make a left turn; that she did not observe any vehicles other than Bergeron's vehicle on U. S. Highway 190; that as Bergeron's vehicle completed its left turn and came along side her vehicle she heard a crash; that Bergeron stopped his vehicle approximately along side of her vehicle.
From the record, it appears that Sam V. Frazier, the operator of the vehicle which collided with the Goodwin vehicle, disappeared after the accident and was not available to testify at the trial.
The applicable statutory law is set out in LSA-Revised Statutes 32:235 which provides as follows:
"A. The driver of any vehicle on the highway of this state shall ascertain, before turning around upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed and shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear."
It is hornbook law that a left hand turn across a highway constitutes one of the most hazardous maneuvers that a driver is called upon to perform and he must initially ascertain by careful observation that the maneuver can be executed safely without danger to normal overtaking and oncoming traffic and must yield right-of-way to such vehicles. West v. T. L. James & Co., La.App., 142 So.2d 853 (1962); Romans v. New Amsterdam Casualty Co., La.App., 137 So.2d 82 (1962); Bouwell v. Marquette Casualty Co., La.App., 125 So.2d 168 (1960); Hoffpauir v. Southern Farm Bureau Casualty Insurance Company, La.App., 124 So. 2d 409 (1960); Malone v. Fletcher, La.App., 44 So.2d 352 (1950); Michelli v. Rheem Manufacturing Company, La.App., 34 So.2d 264 (1948).
*165 The burden rests heavily on the motorist who desires to make a left turn to explain how the accident occurred and to show that he was free from negligence. Bouwell v. Marquette Casualty Co., La. App., 125 So.2d 168 (1960); Madison v. Southern Farm Bureau Casualty Insurance Company, La.App., 120 So.2d 342 (1960); Codifer v. Occhipinti, La.App., 57 So.2d 697 (1952); Malone v. Fletcher, La.App., 44 So.2d 352 (1950).
We are satisfied from the examination of the record that the proximate cause of the accident and the damages and injuries resulting therefrom was the negligence of the defendant, Ernest J. Bergeron, in making a left turn in front of the plaintiff's (Goodwin's) vehicle without using the care required of a person making a left turn. Although defendant's vehicle was not immediately involved in the collision, his left turn created an emergency which caused the Frazier vehicle to turn into the path of plaintiff's vehicle and the collision resulted. See Michelli v. Rheem Manufacturing Company, La.App., 34 So.2d 264 (1948); and Middleton v. Rheem Manufacturing Company, La.App., 34 So.2d 271 (1948).
As concerns quantum, it appears that plaintiff Goodwin was 25 years of age at the time of the accident with an existing debility consisting of a shortness of his right leg. It was established that the collision threw plaintiff onto the steering wheel with a great deal of force causing contusions to his right hip and deep muscle spasm. Plaintiff's medical testimony was to the effect that the trauma to the already debilitated right hip area could only make the area worse; that arthritic changes were already occurring in the right hip resulting from the injury in the collision. Further, there was also evidence of injury to the left knee which was believed by the examining physician to be either the aggravation of a pre-existing condition or a more recent fracture, either of which were caused by the jolt received in the accident.
In October, 1960, some year and a half after the accident, plaintiff was still complaining of pain and more limitation of motion in the right hip region and Dr. A. J. Feder testified that his condition had shown no improvement but rather had worsened. Under the circumstances, we cannot say that the award of $3500.00 for physical pain and suffering is out of line with previous awards for similar injuries. As concerns the trial court's award of $23.00 for x-rays and diathermy treatments, we find that Goodwin did not recall the amount of these treatments and nowhere in the record do we find the amount of such a bill submitted to plaintiff. Since this matter was not established in the record, it should be disallowed. In regard to the amount of $29.50 allowed by the trial court for transportation of plaintiff after the accident, an examination of the record reveals that he was unable to recall the exact amount charged and only testified that it was in the range of $10.00, $15.00, or $20.00. This does not amount to proof and, therefore, should be disallowed.
For the above reasons, the judgment of the District Court in favor of plaintiff, J. Randall Goodwin, and against the defendant, E. J. Bergeron, in the sum of $3500.00 for physical pain and suffering, plus $50.00 deductible from his collision insurance is affirmed, and the judgment of the District Court in favor of United States Fidelity and Guaranty Company and against the plaintiff, E. J. Bergeron, in the amount of $623.00 less the $50.00 deductible is hereby affirmed. The allowance of the amount of $23.00 for x-ray and diathermy treatments and $29.50 for transportation are hereby disallowed. All costs to be paid by defendants.
Affirmed in part and reversed in part.
REID, J., not participating.