195 So.2d 698 (1967)
Nester G. LAMBERT et al.
v.
ALLSTATE INSURANCE COMPANY.
No. 6913.
Court of Appeal of Louisiana, First Circuit.
February 6, 1967.
Rehearing Denied March 13, 1967.
*699 Sheldon B. Beychok, of Franklin & Keogh, Baton Rouge, for appellants.
A. J. Kling, Jr., Gonzales, for appellee.
Before LANDRY, ELLIS and BAILES, JJ.
LANDRY, Judge.
This appeal by defendant, Allstate Insurance Company (Allstate), questions only the quantum allowed plaintiffs for damages to plaintiffs' general store resulting from the building being struck by an automobile operated by Mrs. Judy L. Schexnayder, the insured of Allstate. Due to brake failure, Mrs. Schexnayder's vehicle ran into the front of plaintiffs' establishment, crashing through it brick and plate glass facade.
Plaintiffs prayed for damages aggregating $2,920.74, itemized as follows: Damage to building, $1,240.74; cost of clearing debris, $30.00; employment of night watchman, $25.00; loss of time from other business enterprises, $250.00; loss of business profit due to closure of general store during repair, $300.00; transportation expense incurred incident to repair of damage, $75.00; and inconvenience, mental anguish and concern, $1,000.00.
Following trial of the case on the merits, the lower court awarded plaintiffs judgment in the sum of $2,080.74, particularized as follows: Cost of replacing and repairing store front, $1,240.74; cleaning debris, $30.00; petitioners' services as night watchman, $25.00; automobile expense, $35.00; and inconvenience and mental anguish, $750.00.
Appellant complains of all awards save and except the sum of $858.89, comprising a portion of the $1,240.74 awarded for the repairs to the store front. In this regard Allstate acknowledges its indebtedness to *700 plaintiff in the sum of $858.89, which amount plaintiff paid Braud Glass Company for replacement glass. Plaintiffs, expressing satisfaction with the award received from the trial court, have neither appealed nor answered defendant's appeal.
The record shows conclusively that immediately following the accident, plaintiffs commenced the repair of their building, a large departmentalized general store situated in Sorrento, Louisiana. The accident occurred at approximately 11:00 A.M., and plaintiffs, Nester G. Lambert and Emile Lambert, assisted by various employees, worked all afternoon and late into the night to clear the debris and restore the damage. Approximately one-half of the automobile penetrated the interior of the store in the vicinity of the front door. Plaintiffs' business was totally disrupted for a period of at last three hours following the accident.
The front of the building being totally demolished, plaintiffs removed the vehicle from the store and constructed a barrier of lumber and chicken wire to limit access to the building and thus discourage looting. Business was resumed on a limited scale and continued until regular closing time at 6:30 P.M. Plaintiffs themselves stood watch through the night to protect their establishment from vandalism and theft. Plaintiffs concede that by the following night the damage was, for all practical purposes, completely repaired. The record shows that without doubt plaintiffs exerted every possible effort to minimize the damage and repair the building as quickly as possible. Their own industry and ingenuity is clearly demonstrated and particularly that of Emile Lambert whose knowledge of the contracting business was utilized to the fullest.
We are convinced that the damages sought by plaintiffs represent a fair and equitable estimation of the sums expended, nevertheless, it is well settled that in an action for damages, plaintiff bears the burden of establishing his loss.
The degree and character of proof required of a claimant in a damage suit has been enunciated by our appellate courts on numerous occasions. We restate those principles applicable to the instant case.
Vague estimates unsupported by invoices or the testimony of those who furnished materials, supplies, labor or services incident to repairs for which damages are sought are insufficient to sustain a claim for damages. United States Fidelity & Guaranty Co. v. Bergeron, La.App., 148 So.2d 162. In the Bergeron case, supra, an award of $29.00 for transportation cost was disallowed on appeal because claimant could only testify he expended in the range of $10, $15 or $20 for such purpose.
A claimant seeking recovery for services performed himself in the repair of his property must support such claim by testimony reflecting the number of hours worked and the monetary value thereof. Breeland v. New Amsterdam Casualty Co., La.App., 142 So.2d 514.
Damages may be predicated on estimation only when the loss has not been repaired. If the damaged property has been restored to its former condition by repair, the proper basis for assessing the damage is the repair bill. Gambrell v. Audubon Insurance Co., La.App., 115 So.2d 727. Plaintiff must produce the best evidence available in support of his claim. Sutherlin Sales Co. v. United Most Worshipful, Etc., La.App., 127 So.2d 253.
Where invoices, statements or records of accounts expended in the repair of damages are in the possession of plaintiff or are available or attainable, such records constitute the best evidence and should be offered in proof of plaintiff's claim. In the event such evidence is not available or attainable, proof of loss should be made by offering the testimony of the person furnishing the material, labor or supplies when such testimony may be produced. Upon proper showing that the testimony *701 of such persons is not available, the court may allow a claim for damages, upon the production of such available testimony as fairly and reasonably establishes plaintiff's claim under the circumstances. Tooker v. Zuberbier, La.App., 105 So.2d 744.
Considering plaintiffs' claim for $30.00 allegedly expended in clearing debris following the accident, the record discloses plaintiff utilized the services of its regular employees, including one Floyd Delatte for this purpose. In effect Delatte testified that when not busy with his regular duties, he assisted in this chore. He was paid nothing extra for such services. Plaintiffs concede they kept no record of the time spent by their employees in such pursuit and that while some employees worked overtime on the night of the accident, no account was kept of the sums paid them, if any. The sum of $30.00 was plaintiffs' estimate of the value of the time spend by the several employees in removing debris from the scene. Such testimony is insufficient to support plaintiffs' claim for this item. United States Fidelity & Guaranty Co. v. Bergeron, supra; Breeland v. New Amsterdam Casualty Co., supra.
Plaintiff, Nester Lambert, testified it was approximately one hour before the vehicle was removed from the building. The automobile blocked the main entrance rendering it impossible for customers to enter the store. As a consequence, it was late afternoon before normal business operations could be resumed. He also testified the floor was damaged in the vicinity of the doorway and that said damage had not been repaired at the time of trial. According to Lambert, the facade consisted of a brick wall extending to a height of three feet above the floor surmounted by large sections of plate glass. The front door was also plate glass. Both the brick wall and the plate glass panels had to be replaced.
Emile Lambert stated in essence he was his own contractor in making the repairs. He used the services of a number of store employees in clearing the debris. He produced a bill from Braud Glass Company for the purchase and installation of glass at a cost of $858.89. Mr. Lambert estimated the cost of a brick mason, carpenter labor and materials necessary, in addition to the glass, amounted to the sum of $325.00 to $330.00. He also stated he and his brother, Nester, acted as night watchmen to guard the store during the night because it was impossible to obtain a watchman on such short notice. In addition, Mr. Lambert testified he used approximately 1,000 bricks to replace the front wall base at a cost of $65.00 per thousand. He also stated he spent about $5.00 for mortar, $5.00 for one yard of sand, $7.00 or $8.00 for wire to close the store front and $10.00 to $12.00 for lumber for framing. Mr. Lambert further testified he paid a Mr. Leggett, a carpenter, the sum of $20.00 or $25.00 for labor.
From the foregoing it appears that notwithstanding plaintiffs claimed to have spent the sum of approximately $325.00 over and above the cost of glass in repairing the store front, plaintiffs could only itemize from their independent recollection an aggregate of $143.00. It further appears that plaintiff, Nester Lambert, acknowledged he possessed some of the bills and invoices but had neglected to bring them to court. Under such circumstances, no award can be made for these damages.
Our jurisprudence recognizes that in exceptional cases where damage has occurred but is not such that it is capable of specific determination, the quantum thereof must be determined as best it can under the circumstances. In such instances, the court is vested with much discretion in permitting proof of damages with reasonable certainty. Sutherlin Sales Co. v. United Most Worshipful, Etc., La.App., 127 So.2d 253.
The instant case, however, does not fall within the category of an exceptional, unusual or extraordinary situation in which damages are not susceptible of specific determination. Here the damage is readily *702 capable of being determined in specific amount. It was the duty of appellees to come forward with proof thereof. Plaintiffs having failed in this regard, we are constrained to agree with counsel for appellants that no recovery may be had for items expended in repair of the front wall other than the sum of $858.89 paid Braud Glass Company.
The sum of $25.00 claimed as services rendered for guarding the premises during the night must also be disallowed. Plaintiffs did not expend said sum as shown by their own testimony. They elected to watch the premises themselves. Other than plaintiffs' own estimate as to what it would have cost to obtain such services, the record is barren of proof as to the value thereof.
For basically the same reason, the award of $35.00 for the use of appellees' car must also be disallowed. The only evidence on this item is the testimony of Emile Lambert to the effect that he did considerable traveling in locating material and craftsmen to perform the repairs. He did not state either the number of miles traveled, the sum expended for gasoline and other auto expense, or the time involved therein.
It is well settled that in a tort action damages may be awarded for inconvenience, mental anguish and worry occasioned by injury to one's property. Seals v. Hartford Accident and Indemnity Company, La.App., 88 So.2d 732; Holmes v. LeCour Corporation, La.App., 99 So.2d 467.
We find no error in the trial court's awarding plaintiffs the sum of $750.00 for mental pain and anguish under the circumstances existing herein. An award of this nature is left largely to the discretion of the trier of facts and we find no abuse thereof in the instant case. Unquestionably plaintiffs were quite disturbed over such an unusual occurrence. The record convinces us they were most concerned, worried and distraught. Besides the strain resulting from their feverish attempts to restore their business to normal at the earliest possible hour, they were also obliged to spend the night guarding their property. There can be little doubt that during their hours of vigil their concern was intensified and aggravated.
For the reasons assigned, the judgment of the trial court is amended to delete therefrom the items herein above disallowed.
Accordingly, it is ordered, adjudged and decreed that there be judgment herein in favor of petitioners, Nester G. Lambert and Emile R. Lambert, and against defendant, Allstate Insurance Company, in the sum of $1,608.89, representing the cost of glass needed to replace the front of plaintiffs' store and the sum of $750.00 in recompense for the mental pain, worry, anxiety and harassment endured by plaintiffs as a result of the accident in question, together with legal interest thereon from date of judicial demand, until paid. Costs of this appeal to be paid by appellants.
Amended and affirmed.