LOTTINGER, Judge.
This is another left turn case. The plaintiffs, Albert P. Sanders and his wife, Mrs. Blanche D. Sanders, filed suit against the defendants, Robert A. Hebert, Sr. and Allstate Insurance Company, seeking recovery for personal injuries and community expenses sustained as a result of an automobile accident which occurred on February 13, 1964. The defendants answered denying all liability and alternatively pleading the contributory negligence of Mrs. Blanche D. Sanders, and further pleading that this contributory negligence was imputable to her husband, Albert P. Sanders. Subsequent to the filing of this answer, the defendants further filed a reconventional demand against the plaintiffs for damages sustained to the Hebert vehicle. The plaintiffs in the main demand, Albert P. Sanders and his wife, did not answer the re-conventional demand, and the matter went to trial, wherein the Trial Judge rendered judgment dismissing the suit on behalf of the Sanders and rendering judgment in favor of the plaintiff in reconvention, Robert A. Hebert, Sr., in the sum of $100.00 plus interest and costs, and in favor of the plaintiff in reconvention, Allstate Insurance Company, in the sum of $395.87, plus interest and costs, against both Mr. and Mrs. Sanders. From this judgment the plaintiffs-appellants have perfected this appeal.
The record points out that Mrs. Sanders was driving the family automobile east toward Houma, Louisiana, on Louisiana State Highway 24, and that Mr. Hebert was following her in the same direction. Louisiana State Highway 24 is a two laned hard surfaced roadway, and the day of the accident, February 13, 1964, was misty and drizzly. Mrs. Sanders testified that at approximately 195 feet from where she intended to make a left turn, she activated her left turn signal light, and slowed her vehicle down to approximately 20 miles per hour. Mrs. Sanders testified that at this distance from where she intended to turn, she noticed Mr. Hebert’s car to be ap *64 proximately 240 feet to her rear. After traveling 195 feet further, or to the place where she intended to turn, she again noticed Mr. Hebert’s car to be approximately 200 feet to her rear. Therefore, Mrs. Sanders has indicated from her own observations that when she commenced her turn, Mr. Hebert’s car was approximately 200 feet in back of her. It is further testified to by Mrs. Sanders that she was traveling at approximately 15 to 20 miles per hour when she started her turn. She further stated that the front portion of her vehicle was off the road when the impact occurred.
Mr. Hebert was traveling at approximately 35 to 40 miles per hour in a 50 mile per hour speed zone, and he testified that he was following Mrs. Sanders at approximately 50 feet to her rear. It is testified to by Mr. Hebert that he did not see the turn signal light, but there is no question but that the light was on prior to the impact. The sole eye witness, Robert Hebert, Jr., a passenger in the defendant’s automobile, testified that because he was not driving the car, he was not paying particular attention to the roadway or the surrounding circumstances. When his father commenced to pass Mrs. Sanders, he looked up and saw a turn signal on and the left front wheel of Mrs. Sanders’ car start to turn. It was at this point that he loudly remarked to his father that she was going to turn. At the moment that Mrs. Sanders commenced her turn, the front bumper of the Hebert car was about even with the rear bumper of Mrs. Sanders’ car. Mr. Hebert stated that the impact occurred in the left lane or passing lane of traffic, and there is sufficient evidence to substantiate this. The damage to the Sanders vehicle was to the left front door.
The plaintiff-appellant contends that the Trial Judge was in error in finding that plaintiff was negligent in the manner in which she operated her automobile, and it was further contended that the Trial Judge erred in granting the reconventional demand solely on the ground that plaintiff failed to answer the reconventional demand.
The Trial Judge in his written reasons for judgment stated as follows, to-wit:
“The Court is of the opinion that Mrs. Sanders was negligent. She knew the Hebert vehicle was to her rear and obviously she was attempting to make a turn at a time when it was unsafe to do so. There was nothing which would have obstructed her view to observe the Hebert vehicle just prior to her turn and, admittedly, she last saw the car when it was approximately 195 feet to her rear. The Court therefore, finds that Mrs. Blanche D. Sanders was negligent, and that this negligence is imputed to her husband, Albert P. Sanders, since the Court finds that Mrs. Sanders was on a community mission.”
With this finding we must concur.
A left turn is one of the most dangerous maneuvers which can take place on a highway. It has become so common for left turning motorists to be involved in accidents, that the Louisiana Legislature has seen fit to enact statutory regulations concerning left turns. LSA-R.S. 32:104 in part provides as follows, to-wit:
“A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or, driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
B. Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.”
*65 There is no question, but that the Legislature intended to provide and did so provide that in turning situations on a highway, the turn shall not be made unless and until the turn can he made with reasonable safety.
In United States Fidelity & Guaranty Co. v. Bergeron, 148 So.2d 162, 164, La. App. 1st Cir. (1962), we held:
“It is hornbook law that a left hand turn across a highway constitutes one of the most hazardous maneuvers that a driver is called upon to perform and he must initially ascertain by careful observation that the maneuver can be executed safely without danger to normal overtaking and oncoming traffic and must yield right-of-way to such vehicles.”
In determining whether the Trial Judge was correct in his conclusion that Mrs. Sanders was negligent, we must look at the physical evidence of the accident. As earlier noted, Mrs. Sanders testified immediately prior to her commencing her left turn, she noticed Mr. Hebert to be approximately 200 feet to her rear. Louisiana Highway 24 is a normal two' lane highway, and therefore would be approximately 20 to 24 feet in width, with each lane being 10 to 12 feet in width. Mrs. Sanders further testified that she was traveling at approximately 15 to 20 miles per hour.
As indicated in the speed chart found in 14 Tulane Law Review 493, 503, a vehicle going 15 miles per hour would travel at approximately 22 feet per second, and one going 20 miles per hour would travel at 29.3 feet per second. Therefore, if Mrs. Sanders was only going 15 miles per hour, it would have taken her less than one second to travel the distance from her place of danger, i. e. the position she was in when she commenced her turn, to a position of safety on the edge of the highway. Mrs. Sanders gave no indication in her testimony that Mr. Hebert was gaining on her at a high rate of speed, and therefore, it must be concluded that his testimony that he was traveling at approximately 35 to 40 miles per hour is correct. At 40 miles per hour, a vehicle travels at 58.7 feet per second, and considering that Mr. Hebert was approximately 195 feet to the rear of Mrs. Sanders, it would have taken him approximately 3.3 seconds to cover the distance of 195 feet. In this amount of time, Mrs. Sanders should have been in her position of safety. For Mr. Hebert to have been able to. travel the 195 feet in one second, his vehicle would have been traveling at better than 100 miles per hour. For him to have covered the same distance in two seconds, his vehicle would have been traveling at better than 65 miles per hour, and neither of these high speeds is indicated by any of the testimony. Therefore, there is but one conclusion that can be reached under the circumstances, and it is that Mrs. Sanders did not exercise the care and judgment which is required in executing a left turn.
As to the reconventional demand, it must be noted, that not only was an answer not filed thereto, but also, no preliminary default was entered prior to trial. In a supplemental brief, defendant admits this defect and urges this Court to- annul that portion of the judgment of the Trial Court and remand same to the Seventeenth Judicial District Court for further proceeding.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed insofar as it dismissed plaintiff’s suit, and that portion of the judgment rendering judgment in favor of plaintiff in reconvention, Robert A. Hebert, Sr., in the sum of $100.00 plus interest and costs, and in favor of the plaintiff in re-convention, Allstate Insurance Company, in the sum of $395.87, plus interest and costs, is annulled and remanded for further proceeding. All costs to be paid by plaintiff-appellant.
Judgment amended and affirmed.