231 So.2d 633 (1970)
Emerson F. DIKERT
v.
John E. RUIZ.
No. 3742.
Court of Appeal of Louisiana, Fourth Circuit.
February 2, 1970.
Rehearing Denied March 9, 1970.
*634 David H. Seelig, New Orleans, for defendant-appellant.
Irwin R. Sanders, New Orleans, for plaintiff-appellee.
Before HALL, LeSUEUR and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
Under a lease contract dated August 17, 1965, the defendant-appellant, John E. Ruiz, leased the premises located at 131 South Broad Street in the City of New Orleans, to the plaintiff-appellee, Emerson F. Dikert. The premises were to be used as a residence and place of business by plaintiff. On September 9, 1965, Hurricane Betsy struck the City of New Orleans and caused some damage to the leased premises. The plaintiff had the damage repaired and filed this suit against his lessor, the defendant, to recover the cost of said repairs. Plaintiff prayed for judgment in the trial court in the amount of $734.35. He was awarded $410.00 by the trial judge. From this judgment the defendant has appealed, asking that it be set aside and that plaintiff's suit be dismissed. The plaintiff has answered the appeal seeking an increase in the award to $644.35 and, in the alternative, asking that the judgment of the trial court be affirmed.
It is elementary that in disputes arising under a contract of lease, said contract must be considered as the law of the case. Norman v. Lacroix, La.App., 148 So. 458. We, therefore, turn our attention to the lease contract, the relevant provisions of which are these:
"The within leased premises and appurtenances, including the locks, keys, plumbing, and glass, elevator, and heating system, if any, and all other fixtures, are accepted by the Lessee in their present condition, except for such repairs and improvements as are written into this lease, and except such as may be needed to the roof or rendered necessary by fire or other casualty."
* * * * * *
"Lessee assumes responsibility for the condition of the premises and Lessor will not be responsible for damage caused by leaks in the roof, by bursting of pipes by freezing or otherwise, or by any vices or defects of the leased property, or the consequences thereof, except in the case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having received written notice from Lessee of such defects and the damage caused thereby. Should Lessee fail to promptly so notify Lessor, in writing of any such defects, Lessee will become responsible for any damage resulting to Lessor or other parties."
The first issue to be decided is whether the required written notice was *635 ever given. The record reveals strong disagreement between plaintiff and defendant on this point, but the trial judge apparently resolved the conflict in favor of plaintiff's contention that notice was given. We are not disposed to disagreement with him. The plaintiff testified, over objection of defendant's counsel, that he noted the necessity for repairs on the back of the next rent check which he sent to defendant following the storm, but this check was not presented as evidence. However, there is in the record a letter to defendant from plaintiff's attorney dated January 7, 1966, which asserts the plaintiff's demands in detail. This certainly constitutes written notice to defendant lessor. Further there can be no doubt that defendant was aware of the damage to the leased property since he filed a claim with his insurance company, and received payment from it, for the damage in question.
The second issue presented to this court involves the admissibility of certain documents in evidence and the amount of damages awarded to plaintiff in the lower court.
The trial judge states in his reasons for judgment that he based the amount of the judgment on four cancelled checks which he admitted into evidence. These checks were payable to the order of, and endorsed by R. F. Faulkner, said by plaintiff to be the contractor who made the repairs. Plaintiff urges that the trial court erred in not admitting an estimate of the cost of repairs, allegedly prepared by Faulkner, and a bill from a local awning company. Defendant, on the other hand, contests the admission of any of these documents as not being in keeping with the best evidence rule.
Plaintiff testified that the contractor, Faulkner, had moved to the State of Ohio. He, therefore, was not available to testify. In view of the circumstances we cannot say that the admission of the cancelled checks as proof of payment to him was erroneous.
"The best evidence rule requires that the highest degree of proof of which a case from its nature is susceptible must, if accessible, be produced. If the best evidence cannot be produced, then secondary evidence becomes admissible." Breaux v. Laird, 230 La. 221, 88 So.2d 33.
The estimate is of course another matter. This is not, as are the checks, proof of payment but is only what Faulkner estimated the repairs would cost. As such it is hearsay evidence and was properly excluded. Also proper was the exclusion of the bill from the local awning company since there is no proof that it was ever paid either. Another bill, this one from a local lumber company for materials furnished, as well as a cancelled check made payable to the order of said lumber company and endorsed by it was properly admitted. The cancelled check, together with the plaintiff's testimony proved that it was paid. However, it is evidence from the reasons for judgment by the trial judge that he totally disregarded these documents in reaching his conclusions.
We are of the opinion that the lumber company bill in the amount of $70.28, together with the plaintiff's check showing payment thereof should have been included in the judgment. A bill or invoice for materials used in making repairs when accompanied by proof that it was paid is sufficient proof to justify an award therefor. Lambert v. Allstate Insurance Company, La.App., 195 So.2d 698. This is particularly true when the repairman is no longer available to testify. Tooker v. Zuberbier, La.App., 105 So.2d 744. Clearly then, the plaintiff is entitled to have this item included in the award.
For the foregoing reasons the judgment of the trial court is amended so as to increase it from $410.00 to $480.28 and as thus amended is affirmed. Costs of this appeal are to be borne by defendantappellant.
Amended and affirmed.