428 So.2d 556 (1983)
Joseph PROVENZANO, Jr.
v.
Denver POPULIS.
No. CA-0275.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1983.
*557 Sam J. Chauppette, Marrero, for plaintiff-appellant.
Glenn E. Diaz, Chalmette, for defendant-appellee.
Before CIACCIO, BYRNES, and LOBRANO, JJ.
CIACCIO, Judge.
Plaintiff-appellant, Joseph Provenzano, Jr., (Lessor), sued defendant-appellee, Denver Populis, (Lessee) for the breach of a written lease agreement. Populis reconvened claiming his wrongful eviction during the lease term by an agent of Provenzano and seeking recovery for damages occasioned by the eviction. The trial judge found in favor of Populis on the original demand and dismissed Provenzano's suit. On the reconventional demand the trial court granted Populis recovery for an amount based upon the costs of improvements made by Populis to the leased premises. From the judgment of the trial court Provenzano has appealed.
Provenzano leased a building to Populis for use as a lounge. The term of the lease was for three years, from August 6, 1979, to August 5, 1982, at a rental of $350.00 per month. The premises had formerly been used as an automobile dealer showroom and a furniture store. Under the terms of the lease, Populis agreed to make the renovations necessary to convert the property into a lounge, and the improvements would become the property of the lessor upon the termination of the lease.
Provenzano's original petition alleged that no rent had been paid subsequent to July 6, 1980, and demanded specific performance in the form of accelerated rent payments, together with 10% attorneys' fees and legal interest. The petition also sought recognition of a lessor's privilege on the movable effects of the lessee found on the leased premises. In a supplemental petition Provenzano alleged as an additional breach of the lease Populis' failure to secure proper insurance on the leased premises.
Populis answered and reconvened alleging that on June 20, 1980, he was wrongfully evicted from the leased premises by an agent of Provenzano. Populis sought recovery for damages caused by Provenzano's breach of the lease. The damages alleged by Populis took the form of loss of business investment, use of his inventory, loss of future profits, and mental and emotional distress.
The trial court found that Joseph Provenzano, Jr. actively breached the lease "by not keeping Denver Populis in peaceful possession of the property forcing him to lose his investment in the said lease." The trial judge based this conclusion on his evaluation of the witnesses' credibility and his factual finding "that the interference [by Joseph Provenzano, Jr.] in the business of Denver Populis was the cause of the demise of the business of Denver Populis and the cause of the breach of the lease occasioned at the fault of the lessor..." Accordingly, judgment was rendered dismissing Provenzano's petition.
As to the reconventional demand of Denver Populis the trial court found the evidence insufficient to support his claims for loss of future profits and use of business inventory. The trial court also denied recovery for mental and emotional distress.
Populis' claims for loss of business investment were based upon the expense of renovating the leased property which his demand placed at twenty-nine thousand ($29,000.00) dollars. The trial court rendered judgment of $29,000.00 as prayed for although, as he notes in his reasons for judgment, "the receipts and bills introduced by Denver Populis at the time of the trial on the merits exceed that figure." The trial court based this judgment upon the following: "Both parties testified that the property was extensively renovated to change it over from an automobile showroom to a bar and lounge; a stage was installed, a bar was built, a chain wall was placed around the property, carpet was installed, walls were paneled, light fixtures were installed, the property was painted, rewired..."
Provenzano raises three specifications of error in his argument on appeal: (1) that *558 the trial judge was clearly erroneous in his findings concerning the breach of the lease and Populis' eviction from the premises; (2) that the trial court erred in admitting into evidence over objection certain documentation offered by Populis to support his claim for the cost of the renovations; and (3) by not considering the alleged failure of Populis to secure proper insurance to be a breach of the lease.
Populis did not appeal the judgment but answered by presenting counter-arguments to the errors specified by appellant.
Initially we consider the factual findings of the trial judge that Provenzano breached the lease by interfering in Populis' business enterprise and eventually causing Populis' eviction from the premises. Populis alleges in his reconventional demand that Provenzano willfully interfered in Populis' business, attempting to take over the business and gain from the improvements which had been made by Populis. Further, he alleged that on June 20, 1980, Provenzano entered the lounge, forced the patrons to leave and closed down the business; thereafter, Provenzano operated the lounge for himself using the equipment and inventory Populis had placed on the leased premises.
The testimony at trial is contradictory and irreconcilable. The trial judge in his reasons for judgment states that his factual conclusions are based upon his evaluation of the credibility of the witnesses. His findings should not be disturbed on appeal if the record establishes that the findings are not clearly wrong or manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The trial court found that the lease was breached as of June 20, 1980, and, thus, terminated the lease as of that date. A careful review of the entire record establishes that the trial judge's findings are not clearly wrong. As such, pursuant to the guidelines for appellate review of facts in civil cases as enunciated in Canter v. Koehring Company, supra, and Arceneaux v. Domingue, supra, these findings will not be disturbed.
Because the lease was found to have been breached and Populis to have been wrongfully evicted, Populis, therefore, was "relieved of his obligation to pay rent beyond actual occupancy of the premises, and the lease is considered terminated." Young v. Eddy, 86 So.2d 243 (La.App. 1st Cir.1956); Leake v. Hardie, 245 So.2d 729 (La.App. 4th Cir.1971).
Next we consider Provenzano's allegation that the lease was breached by Populis by his failure to acquire proper insurance. Assuming that failure to acquire proper insurance is a breach of the lease, Provenzano had the burden to prove that Populis failed to acquire insurance. In his reasons for judgment the trial court makes no mention of the question of insurance. Our review of the record convinces us that Provenzano failed to carry his burden of proof. Populis testified that he had insurance; Provenzano alleged that this was not true. Provenzano did not prove by a preponderance of the evidence that Populis failed to acquire insurance.
Finally we consider the proof presented to support Populis' claim for damages for loss of business investment. The trial court and the parties treated this category of damages as representing the cost of the improvements to the leased property. Over Provenzano's objection, the trial court admitted into evidence cancelled checks, invoices, a proposal and miscellaneous cash register receipts offered by Populis in support of the amount he claimed to have expended on the renovations. The judgment of the trial court was apparently based upon all of these documents.
The proper basis for determining the cost of the improvements are the invoices and the statements of accounts expended. Claimant must produce the best evidence available in support of his claim. Breaux v. Laird, 230 La. 221, 88 So.2d 33 (1956); Dikert v. Ruiz, 231 So.2d 633 (La. App. 4th Cir.1970). A bill or invoice for materials used when accompanied by proof that it was paid is sufficient proof to justify an award therefor. Dikert v. Ruiz, supra; *559 Lambert v. Allstate Insurance Company, 195 So.2d 698 (La.App. 1st Cir.1967).
Our review of the documents and supporting testimony convinces us that some of the evidence should not have been considered as a basis for the judgment awarded. We note that the only supporting testimony was that of Denver Populis. No suppliers, contractors, supervisors or workmen were called to testify.
Initially we exclude those invoices which are unaccompanied by any proof of payment, i.e., they are not marked paid; there are no corresponding cancelled checks; the supplier of the material or labor did not testify he was paid. In this category are the following invoices: three invoices from Gary's Heating, Air Conditioning, Refrigeration for $6,890.00, $3,392.00, and $1,590.00; an invoice from Charlie's Electric for $2,458.91; an invoice from Mr. John Van Vrancken for $2,160.00.
Also we exclude from consideration a proposal from Jim's Plumbing for $6,500.00. A proposal does not indicate that the work was done or paid for. It is only an offer to do certain work for a particular price. As such it is hearsay evidence and should be excluded. Dikert v. Ruiz, supra.
Also admitted into evidence were invoices for certain movables purchased apparently in connection with the operation of the lounge and not as part of the renovation of the building. "Movable trade fixtures" are specifically excepted under the terms of the lease from becoming the property of the lessor. These items still belonged to Populis upon termination of the lease and do not represent part of his loss. In this category of excluded invoices are one invoice from Escaig Business Systems for a cash register costing $383.25 and one invoice from Muller Restaurant Supply Co., Inc. for bar supplies costing $983.59. Also excludable in this category are three invoices excluded above for lack of accompanying proof of payment. These include the two invoices from Gary's Heating, Air Conditioning, Refrigeration for $3,392.00 for two beverage boxes and for $1590.00 for an ice machine, and the invoice from John Van Vrancken for $2,160.00 for one hundred twenty chairs.
We also exclude, as not representing part of the costs of renovation nor any loss to Populis, a deposit receipt from LP & L for $225.00, a deposit receipt and corresponding cancelled check from South Central Bell for $65.00, and a cancelled check to the Jefferson Parish General Fund for $10.00.
In connection with the renovation costs three other cancelled checks were admitted into evidence. These checks included one check for $964.79 for the smoke system for the lounge, one check for $1600.00 to E. LeBlance for supervisory work during the renovation and one check for $68.00 for shells used during the renovation. The checks were supported by Populis' testimony as representing expenditures in connection with the renovations. We cannot say that the trial judge abused his discretion in considering these checks in awarding the judgment. These three checks total $2,632.79.
Further, we cannot say that the trial court abused his discretion in also considering the remaining invoices which are either marked paid or represent cash purchases. These invoices total $15,005.25.
In Knapp v. Guerin, 144 La. 754, 81 So. 302 (1919), the Supreme Court considered whether a lessee who had made improvements to the leased property and who was evicted prior to the expiration of the lease term was entitled to recover any of the costs of the improvements. The question was answered in the affirmative, and damages were calculated upon the basis of the value of the improvements, proportioned over the remaining term of the lease. In a comparable factual situation, the same approach was followed by this court in Leake v. Hardie, 245 So.2d 729 (La.App. 4th Cir. 1971). The court stated:
"Even where the lease provides (as here) that improvements are to be the property of the lessor, the lessee makes the improvements for his own use and enjoyment during the term of the lease, and at least where the lessor's action deprives the lessee of that use and enjoyment, the *560 lessee is entitled to recover a proportionate cost of the value of the improvements contemplated by the lease; Knapp v. Guerin, [supra]. 245 So.2d at 731.
See also: Friendly Finance, Inc. v. Cefalu Realty Investment, Inc., 303 So.2d 558 (La. App. 1st Cir.1974).
Populis occupied the premises for 10 and one-half months. The remaining term of the lease was for twenty-five and one-half of the thirty-six months. Using the above approach Populis is entitled to recover 25.5/36 of the proven costs of improvements, i.e., 25.5/36 of $17,638.04 or a total recovery of $12,493.61.
Accordingly the judgment appealed from is amended to reduce the award on the reconventional demand in favor of Denver Populis to Twelve thousand, Four hundred Ninety-three and 61/100 ($12,493.61) dollars. As amended the judgment is affirmed. All costs are to be paid by appellant.
AMENDED AND AFFIRMED.