487 So.2d 118 (1986)
Ronald LEE and Loretta Lee
v.
Herschel BADON.
No. CA-4275.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
Rehearing Denied May 12, 1986.
*119 Ernest Lee Caulfield, New Orleans, for appellees.
Fox & Ware, John B. Fox, New Orleans, for appellant.
Before BYRNES, CIACCIO and WILLIAMS, JJ.
BYRNES, Judge.
Appellant, Herschel Badon (lessee) brings this appeal from a judgment granting a Rule for Possession of Premises for Non-Payment of Rent to appellees, Ronald Lee and Loretta Lee (lessors). The trial court held: 1) that the lessors proved nonpayment of rent; 2) that the lessee accepted the property "as is"; 3) that the lessee failed to prove his right to the benefit of C.C. Art. 2694; and 4) that there were insufficient grounds to grant the equitable relief sought by the lessee. No monetary damages were awarded to either party. The lessee appeals, contending that there was ample evidence to support either his defense or, in the alternative, his claim that his lease should be maintained on equitable grounds.
The parties signed a five year lease for the premises at $850.00 a month. The lease ran from February 1, 1982 to January 1, 1987. Neither party disputes that no rental payments were made after February 1, 1984, nor is there any dispute that Badon worked a substantial number of hours on the house. The lessee also admits that he never gave written notice that he would be repairing defects on the property.
Under C.C. Arts. 2693 & 2694, a lessee may repair damages and defects to the leased property and deduct the cost from the rent due if he first calls on the lessor to make the repairs and is refused. Davilla v. Jones, 436 So.2d 507 (La.1983). Depending on the type of damage, the lessee must allow the lessor a reasonable time in which to make the repairs. Id at 509.
The articles which define the rights and obligations of the parties to a lease are not prohibitory laws which are unalterable by contract. Those articles are only intended to define and regulate the relationship between the parties when their contract is silent. Calderon v. Johnson, 453 So.2d 615 (La.App. 1st Cir.1984); Brignac v. Broisdore, 288 So.2d 31 (La.1973).
The lease in this case addresses the issue of repairs and imposes an additional condition of written notice on the exercise of this right. Badon admitted at trial that he did not give the Lee's the required notice. To allow him to recover the cost of repairs without satisfying this condition would violate the contract. We are not persuaded by appellant's argument that correction orders issued by the Division of Housing Improvement of the City of New Orleans in September 1982 are sufficient to satisfy his obligation to give the Lee's written notice of defects. Dikert v. Ruiz, 231 So.2d 633 (La.App. 4th Cir. 1970), cited by Badon in support of his position is distinguished on its facts. In Dikert, notice given by the lessee's attorney was found sufficient under C.C.Art. 2694. An attorney is the agent of his client and is therefore able to act for him. In contrast, the City of New Orleans is not Badon's agent and its actions cannot be imputed to Badon. Thus, the trial court correctly rejected the lessor's claim for the cost of repairs.
Because we find that Badon failed to give the notice required by the lease, we do not address his arguments relative to the applicability of C.C. Arts. 2693 & 2694 to defects which pre-date the lease.
We also decline to grant the equitable relief sought by Badon. Although the record shows that he put substantial time and materials into the enhancement of this property, it also shows that he enjoyed the premises rent free for close to two years.
The trial court apparently took this into consideration in reaching his judgment, since he did not award the Lee's the back rent owed by Badon. Under these circumstances, we conclude that Badon has been fairly compensated and equity satisfied.
*120 For the foregoing reasons we affirm the decision of the trial court.
AFFIRMED.