665 So.2d 166 (1995)
MAHAYNA, INC.
v.
POYDRAS CENTER ASSOCIATES, a Louisiana Joint Venture.
No. 95-CA-0932.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 1995.
Rehearing Denied January 17, 1996.
Writ Denied March 22, 1996.
Lowe, Stein, Hoffman, Allweiss & Hauver, Mitchell J. Hoffman, David M. Prados, New Orleans, for Plaintiff-Appellee Mahayna, Inc.
David J. Krebs, Krystil B. Cook, Preaus, Roddy & Krebs, New Orleans, for Defendants-Appellants Metropolitan Life Insurance Company and Park Center Associates.
*167 Before KLEES, BYRNES and LANDRIEU, JJ.
KLEES, Judge.
Defendant-appellants, Poydras Center Associates (Poydras Center), Metropolitan Life Insurance Company, and Park Center Associates, appeal the trial court's judgment in favor of plaintiff-appellee Mahayna, Inc. (Mahayna). Poydras Center argues that the trial court was erroneous in determining that they breached its lease with Mahayna, Inc. Alternatively, Poydras Center argues that even if the trial court was correct in that conclusion, the award for the value of the leasehold improvements must be reversed altogether and the award for lost profits must be reduced significantly. Additionally, Poydras Center argues that it is entitled to a reversal of the judgment dismissing its reconventional demand for an award for past due rents, interest, damages and attorney's fees owed by Mahayna. In its brief, Mahayna argues that it is entitled to additional damages that the trial court did not award including an increase in the leasehold improvements award, an award for future lost profits, and an award of attorney's fees.
On December 8, 1994, the trial court entered judgment in favor of Mahayna. The trial court found that the financial failure of RASCALS, a restaurant operated by Mahayna in the Poydras Center, was caused by the loss of food item sales to JUST FOR YOU, a sundry shop also located in the Poydras Center. In its reasons for judgment, the trial court found that the defendant Poydras Center Associates breached the terms of its lease with Mahayna which states: "Landlord agrees that no other retail food service facility shall be allowed to operate in the building, during the term of this lease...."
Mahayna opened a restaurant, RASCALS, on the first floor of the Poydras Center in September, 1984. Prior to RASCALS' opening, Poydras leased space to John Fernandez for the operation of JUST FOR YOU, a sundry shop which sold some food items. Mahayna argues that once RASCALS opened for business, it was entitled to the protection of the exclusivity clause in the lease as to food items. The trial court found that despite numerous requests from Mahayna, Poydras Center failed to enforce the exclusivity clause and continued to allow JUST FOR YOU to sell food items. In reviewing Mr. Fernandez's lease, it is clear that he was prohibited from selling any food items except for "gum and mints." His lease was never amended to allow him to sell food items. As well, Mahayna's lease was never amended to delete or modify its exclusive rights to be the sole food service facility in the building.
Mahayna notified Poydras Center both orally and in writing on numerous occasions of the sundry shop's sales of various food items. Poydras Center acknowledged that the sale of food items by the sundry shop was improper and they agreed to require JUST FOR YOU to stop these sales. Nevertheless, Poydras Center did not stop JUST FOR YOU from selling food items. Since the purpose of the exclusivity clause was to provide Mahayna with an environment free of competition in order to capture all food and beverage sales in Poydras Center, the trial court's finding that Poydras Center's inaction constituted a breach of its lease with Mahayna was correct.
Poydras Center argues that even if the breach is upheld, the award for the value of the leasehold improvements should be reversed. The trial court awarded Mahayna damages for leasehold improvements left on the premises after their eviction. The court found the appropriate award should be based on the depreciated value ($146,299) rather than the original cost ($307,418) of those improvements. Mahayna argues that because Poydras Center's breach of the exclusivity clause was a major cause of Mahayna's demise, Poydras Center ought to reimburse Mahayna for the original cost of its leasehold improvements, not the depreciated value.
The lease between Poydras Center and Mahayna provides that physical additions to the premises become the property of Poydras Center upon termination of the lease. However, the standard established for awarding the lessee the value of its improvements, notwithstanding a contract term to the contrary, is found in Provenzano v. Populis, *168 428 So.2d 556, 559 (La.App. 4th Cir. 1983). This standard holds:
"Even where the lease provides that improvements are to be the property of the lessor, the lessee makes the improvements for his own use and enjoyment during the term of the lease, and at least where the lessor's action deprives the lessee of that use and enjoyment, the lessee is entitled to recover a proportionate cost of the value of the improvements contemplated by the lease."

Id. at 559.
Poydras Center argues that the standard in Provenzano should not be applied because it was premised on a finding of wrongful eviction and, in the instant case, Mayhana's eviction was lawful. However, Poydras Center's breach of the lease was a significant cause of Mahayna's demise and subsequent eviction and the Provenzano standard was appropriately applied.
In Provenzano, this court held that the proper means of determining the cost of improvements are the invoices and the statements of accounts expended. Provenzano, 428 So.2d at 558. The testimony at trial found the depreciated value of the improvements to be $146,299.00 and we will not disturb this award.
Poydras Center also argues that the award of $110,000 to Mahayna for past lost profits is excessive. Poydras Center asserts that this number was simply a "starting point" for the experts calculations and not a final number as it merely reflects an estimate of the sundry shop's total gross profits on edible items from 1984-1989. Based on the testimony of both experts, this number must be reduced. The trial court failed to deduct the seven percent of gross sales for rent that both experts agreed should be deducted under the terms of the lease. Also, the trial court did not deduct profits from food items both parties had agreed were outside the exclusivity clause. We find that profits on candy, popcorn and soft drinks must be deducted from the $110,000 gross profits figure and the seven percent of gross sales for rent must be deducted from this new figure. After these deductions, the correct figure for lost profits is $42,400.
Concerning future lost profits, Mahayna argues the trial court erred in refusing to grant damages for future lost profits for the period beginning with the date of eviction until 1994, when its lease would have ended. Mahayna argues that its wrongful eviction entitled it to profits lost during the remaining term of the lease. The trial court exercised its discretion in not awarding Mahayna future lost profits based on their speculative nature. According to Wasco, Inc. v. Economic Development Unit, 461 So.2d 1055 (La.App. 4th Cir.1984), writ denied, 465 So.2d 738 (La.1985), a claim for loss of profits will not be supported by mere estimates of loss. The trial court was not impressed with Mahayna's future lost profits calculation between 1990 and 1994 and found the estimates were too speculative. Thus, the trial court's decision regarding future lost profits was correct.
Poydras Center also argues that it is entitled to a reversal of the judgment dismissing its reconventional demand for an award for past due rents, interest, damages and attorney fees owed by Mahayna. Mahayna argues that Poydras Center is not entitled to rent because an obligee may not recover damages when his own bad faith has caused the obligor's failure to perform. La. Civ.Code art. 2003 (West 1987). However, Mahayna's argument is flawed because the article cited does not apply to entitlement to rent and is only concerned with recovering damages. Thus, the trial court was in error for denying Poydras Center's reconventional demand.
According to Project Square 221 v. Salley, 557 So.2d 345 (La.App. 4th Cir.1990), writ denied, 560 So.2d 12 (La.1990), the lessee must pay rent while it occupies or uses the leased premises. The court stated that "even if he [defendant] establishes that plaintiff breached its obligation to afford him peaceable possession of the premises he still owes rent for the period he occupied the premises." Id. at 347. Furthermore, in Downtown Parking Serv., Inc. v. Hyman, 93-CA-1803 (La.App. 4th Cir. 3/15/94), 635 So.2d 282, writ denied, 642 So.2d 1298 (La. *169 1994), the court held that a breach on the part of the landlord does not affect the lessee's obligation to pay rent. In spite of Poydras Center's breach of the lease, Mahayna owes past rent. Both parties stipulated at trial that the proper amount for past rentals would be $12,288.28.
Poydras Center also argues that it is entitled to interest and attorney's fees based on specific provisions in the lease contract. The lease contract provides for an interest rate of 18% per annum for past due rent from date due until paid. The lease contract also provides that in the event that the tenant defaults in the performance of any terms of the lease, the tenant will pay reasonable attorney's fees of the landlord. Considering the fact that Poydras Center breached the lease with Mahayna, it would be inappropriate to award them interest for past due rent or attorney's fees and we dismiss Poydras Center's request for interest on past rent and attorney's fees.
Mahayna also argues it is entitled to an award of attorney's fees. There is nothing in the record to suggest the trial court's decision to deny Mahayna attorney's fees should be disturbed.
Accordingly, we affirm the judgment of the trial court finding that Poydras Center breached its lease with Mahayna. We affirm the judgment that Mahayna is entitled to leasehold improvements in the amount of $146,299.00. We amend the judgment concerning the award for lost profits to reflect deductions for candy, popcorn and soft drinks as well as the seven percent of gross sales deduction for rent and grant an award of $42,400. We affirm the trial court's judgment denying Mahayna attorney's fees. However, we reverse the trial court's judgment dismissing Poydras Center's reconventional demand for past rent and we award Poydras Center $12,288.28 for past rent but we dismiss Poydras Center's request for interest on past rent and attorney's fees.
AFFIRMED IN PART. REVERSED IN PART AND RENDERED.