HALL, Judge.
Alleging that its lease of an apartment to defendant which by its terms expired on February 28, 1961, had been automatically extended for an additional twelve months beyond that date, plaintiff filed this suit seeking to collect $735.00 allegedly due by defendant for unpaid rental accrued during the extended period. Plaintiff also prayed for interest and attorney’s fees. The trial court rendered judgment on the merits in favor of the defendant dismissing plaintiff’s suit and plaintiff appealed.
*604 The sole question presented is whether the lease was validly extended.
Plaintiff leased the apartment to defendant for a term of twelve months beginning March 1, 1960 and ending February 28, 1961 at a monthly' rental of $105.00 per month payable in advance under a written lease which contained the following provision:
“If lessee desires to vacate the premises at the expiration of the term of this lease, he shall give thirty (30) days written notice prior to such date. Failure to give such notice will constitute a renewal of this lease and all of the terms hereof.”
Defendant gave no notice either verbal or written prior to the expiration date of the lease that she intended to vacate the apartment. On the contrary she continued to occupy it for several months beyond the expiration date stated in the lease, paying her rent promptly when due. On May 1, 1961 she called at the office of Stanley D. Hart, vice-president of the plaintiff corporation and informed him that she intended to move by the end of the month. At this time Mr. Hart informed her orally that the lease was still in force by virtue of the automatic renewal clause and that she would be held fully responsible for all monthly payments. He confirmed this by formal letter written the same day. Defendant nevertheless vacated the premises on June 1, 1961 in spite of this warning.
Plaintiff attempted to minimize damages by offering the apartment for rent but was unsuccessful in finding a tenant for the next seven months. The apartment was finally rented in January 1962 and this suit was brought to recover the unpaid rent for the seven months the apartment remained vacant.
If the lease was validly renewed plaintiff should recover.
In support of the judgment of the trial court the defendant makes four contentions, all of which we consider lacking in merit. First she contends that the renewal clause constituting paragraph four of the lease is invalid; that it is unenforceable because it is “an onerous burden placed on an unsuspecting lessee”; and that it is ambiguous.
Defendant’s contention with regard to the invalidity of the renewal clause is without merit. The validity of this type of renewal clause has been upheld by this court’s predecessor. See Morris Building and Land Improvement Association v. Hughes, 8 Orl.App. 258, 9 Orl.App. 259; Jacob Steckler v. People’s Housewrecking Co., Orl.App. No. 7800, April 19, 1920 (unreported) ; Hincks v. Hoffman, 12 Orl.App. 218. Under such a clause the mere inaction of the parties has the effect of tacitly renewing the lease for another term. Morris Building and Land Improvement Association v. Hughes, supra. Furthermore, we do not think that the renewal clause constitutes an “onerous burden on an unsuspecting tenant”. There is no evidence that defendant was in anyway misled when she signed the lease. On the contrary special attention was called to the renewal clause by means of a printed hand in the margin of the lease with its forefinger pointing' to the clause. Nor can the defendant claim' that the clause is overburdensome. While it may be true that the clause favors the lessor it contains nothing which contravenes-law, good morals, or public policy. Defendant voluntarily signed the lease and its provisions are enforceable against her. LSA-C.C. Art. 11; Oil Field Supply & Scrap Material Co. v. Gifford Hill & Co.,. Inc., 204 La. 929, 16 So.2d 483. The clause is clear and free from all ambiguity.
Defendant’s next contention is that the original lease was invalid because it was signed on behalf of plaintiff by its rental' agent who was not authorized to do so by any provision of the corporate charter or bylaws, or by any resolution of the Board' of Directors of plaintiff corporation. Defendant in effect contends that plaintiff was not bound by the lease and therefore she was not bound. Plaintiff permitted her toi *605 occupy the apartment for over a year and accepted her rent payments each month. The contention that defendant did not thereby ratify and become bound by the lease has no merit whatever. See Gallioto v. Trapani, 238 La. 625, 116 So.2d 273; Mitchell v. Alamis Co., La.App., 48 So.2d 278.
Defendant’s third contention is that the plaintiff has waived and abrogated its rights under the renewal clause. At the trial of the case defendant introduced testimony which showed that over a period of years the plaintiff corporation had customarily signed a new lease with defendant each year (she had been a tenant for many years) and had never before relied on the renewal clause or sought to enforce it. Counsel contends that such actions on the part of plaintiff constituted a waiver of the renewal clause.
Plaintiff’s witness testified that a new lease was signed only when some provision of the existing lease had to be changed. However, even if a new lease containing no changes was signed each year we do not think that this constituted a waiver of the renewal clause. Each year that defendant signed a lease she bound herself anew to the renewal clause. A new obligation arose and what was done with respect to former leases can have no effect on the new obligation. To hold otherwise would be equivalent to holding that the mere signing of a new lease ipso facto rendered one of its provisions invalid. -
Defendant’s final contention is that the lease is unenforceable because it gives an overwhelming advantage to the lessor. Counsel bases his argument entirely on the fact that the lease incorporates a strict and detailed list of rules and regulations governing the conduct of the tenant. Since none of these regulations is involved in this suit, it is unnecessary to pass upon this contention.
In conclusion we are of the opinion that there was a valid renewal of the lease and all of its terms and that defendant is liable for the rent for the seven months the apartment was vacant plus 25% attorney’s fees as stipulated in the lease.
The judgment appealed from is reversed’ and it is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Richard Apartments, Inc., and against the defendant, Mrs. Louise S. Shadix, in the full sum of $735.00 plus 25% thereof as attorney’s fees together with legal interest thereon from date of judicial' demand until paid, and all costs incurred in both courts.
Reversed and rendered.