165 So.2d 330 (1964)
A. E. GUILLOT, Plaintiff-Appellant,
v.
Willie MORGAN, Defendant-Appellee.
No. 10192.
Court of Appeal of Louisiana, Second Circuit.
May 28, 1964.
*331 Louis Lyons, Bossier City, for appellant.
Goode, Shea & Dietz, Shreveport, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Plaintiff executed a two-year written lease to Frank J. Novak on a commercial building in Bossier City, Louisiana. Novak operated a moving and storage business on the premises for a short period and then sold the business and assigned the lease to Willie Morgan. Defendant vacated the building several months before expiration of the lease leaving due to plaintiff an alleged balance of $250. Plaintiff instituted the present action for the sum alleged to be due under the written lease, together with interest and attorney's fees as provided therein. Defendant answered the suit denying the indebtedness and filed a reconventional demand claiming the premises were unfit for the purpose for which they were leased; that rain had entered the windows and roof and had penetrated the cinder block walls of the building, causing great inconvenience and considerable damage to furniture stored therein for which he asked reimbursement. From judgment rejecting both plaintiff's demand and defendant's reconventional demand, plaintiff appeals. Defendant has neither appealed nor answered the appeal which precludes any consideration of the reconventional demand.
The facts are simple. The written lease from plaintiff to Novak involved a concrete (or cinder) block building in Bossier City and extended for a period of twenty-four months, beginning February 1, 1957 and ending January 31, 1959, with a stipulated monthly rental of $100. Subsequently, on May 1, 1957, Novak assigned the lease to Morgan, apparently with the consent of plaintiff. Some eighteen months later, by letter dated October 10, 1958, Morgan advised Guillot he was vacating the building and making an effort to rent it for the unexpired term. Guillot answered this letter and informed Morgan that according to the terms of the lease it would be necessary for Guillot to approve any subsequent lessee obtained by Morgan. Upon receipt of this correspondence defendant mailed the keys to Guillot on December 8, 1958, made no further effort to sublease the premises, maintaining the condition of the building rendered it unfit, and disclaimed liability for further rent. The rent was unpaid for November and December of 1958 and the first half of January, 1959. This is the principal amount of the claim since plaintiff minimized his loss to the extent of $50 by renting the building on January 15, 1959.
The sole question before the court is whether plaintiff was justified in canceling the written lease because of the alleged unsuitable condition of the property. Clearly in view of LSA-Civil Code Articles 2692, 2693, 2695, 2696, 2698-2700, lessor must maintain property in such condition as to serve the purpose for which it is leased. If he fails to do so the lessee may ask for dissolution of the lease, or may himself cause the repairs to be made and deduct the cost thereof from the rent due on proving that the repairs were indispensable and that the price which he has paid was just and reasonable. LSA-C.C. Art. 2694. See Dehan v. Youree et al., 161 La. 806, 109 So. 498 (1926); Greco v. Live Oak Properties (La.App. 2 Cir., 1941), 1 So.2d 841. However, it is well settled that the dissolution of a lease for such causes is not favored *332 under our law and is granted only in extreme cases. In the case of Lirette v. Sharp et al., (La.App. 1 Cir., 1950), 44 So.2d 221, the court held the lessee of a filling station and garage was not deprived of the use thereof sufficiently to justify a cancellation merely because of certain leaks in the roof though these leaks subjected the lessee to inconveniences at times, especially where the lessor made repeated attempts to stop the leaks when he was advised of same.
A careful review of the record in the instant case has led us to the conclusion the property in question was maintained by the lessor in a suitable condition for which it was rented. It is true on several occasions the occupants experienced some minor difficulties because of a leak either in the roof or through a window, but these leaks were not of such nature as to seriously inconvenience the occupants. The record also shows that when the lessor was notified of these defective conditions he immediately contacted a repairman and had such defects corrected within a short time and no substantial damages were done to the property stored therein.
More serious is the charge that the rain poured through the cinder block walls and deposited large quantities of water whenever the wind blew the rain from the west. However, the record is devoid of any proof that the petitioner was advised of this condition prior to the termination of the lease by the lessee, nor is it shown he had any opportunity to waterproof the walls. Further, the alleged damage to stored furniture is unsubstantiated by the record.
We feel the plaintiff is entitled to a judgment for the $300 which was due and unpaid under the written contract of lease less the amount of $50 by which he was able to minimize his loss because he rented the building for one-half month before the lease expired. In addition the lease provided for 15% attorney's fees in case of suit and 8% per annum interest on the unpaid rent from due date until paid to which plaintiff is entitled.
For the reasons assigned, the judgment appealed from is annulled and set aside and there is judgment in favor of plaintiff, A. E. Guillot, and against defendant, Willie Morgan, for the principal sum of $250, together with 8% interest on $100 from November 10, 1958, until paid; on $100 from December 10, 1958, until paid, on $50 from January 10, 1959, until paid, together with 15% as attorney's fees on both principal and interest and all costs.
Reversed and rendered.