CHASEZ, Judge.
Plaintiff, Audrey Apartments, owned and operated by Clifford F. Favrot, Jr., filed this suit to recover the sum of $244.00 rent and attorney’s fees, allegedly owed by the defendant, Juanita Kornegay, also known as Mrs. C. E. Davidson. Plaintiff’s petition was later amended to include David Davidson, also known as David Kornegay, as defendant for the reason that he is the husband and co-signer of the rental agreement with Juanita Kornegay. The variance of the names of the defendants has not *793 been explained, as being for reasons personal in nature.
After trial on the merits, judgment was rendered in the First City Court of New Orleans in favor of the plaintiff against the defendant, David Davidson, for $50.00 and $25.00 attorney’s fees. Plaintiff has appealed, contending the lower court was in error in not awarding the full amount as prayed for, the sum of $244.00. Plaintiff also asserts that the defendant, Juanita Kornegay, wife of David Davidson, should also be cast in judgment.
On July 12, 1967 plaintiff, through Mrs. Ruby Linnehan its designated agent, entered into a lease agreement with the defendants.' Rent was allocated at $100.00 a month for a term of one year which was to expire on July 31, 1968. Defendants departed from the leased premises in the middle of June, 1968, after paying that month’s rent.
Plaintiff’s claim for $219.00 rent rests on clauses 4 and 5 of the rental agreement and concerns the months of July, August and part of September. In September the apartment was rented and the plaintiff collected all but $19.00 from the new tenant. The $25.00 for attorney’s fees is also based on the written lease.
Clauses 4 and 5 of the lease are:
“4) The Tenant agrees to notify the Landlord in writing on or before May 1, 1968 whether or not he wishes to retain the premises for one or more years from the expiration of this lease. The Landlord reserves the privilege to reject all offers to renew this lease.
“5) This lease is to be considered renewed on the same terms and conditions from year to year for a period of one year, unless written notice to the contrary is given by either party to the other at least ninety days prior to the expiration hereof or of any renewal of the same.”
Defendants allege that although written notice was not given to plaintiff of their intention not to renew the lease, oral notices were timely given to plaintiff’s agent, Mrs. Linnehan, to that effect. The only showing, however, of oral notice to terminate the lease were the stipulations entered into the record by counsel for the defendants which stated that if the defendants, Mr. and Mrs. Davidson, were present in court they would testify that Mrs. Linnehan was orally informed by them several times before and after May 1, 1968 that they did not intend to renew the lease. Defendants failed to produce Mrs. Linnehan and further assert that it was plaintiff’s burden to produce her in view of the stipulations. We do not agree.
The burden of alleging and proving a defense is on defendant. City Stores Company v. Jordan, 211 So.2d 709 (La.App. 4th Cir., 1968). The evidence introduced does not establish that either oral or written notice was timely given; further, there was no evidence introduced to show that plaintiff waived the requirement of written notice. In disputes arising under a contract of lease, the contract is considered as the law of the case. Dikert v. Ruiz, 231 So.2d 633 (La.App. 4th Cir. 1970). In the present case, under clause 5 of the contract, there is automatic reconduction of the lease unless zvritten notice to the contrary is given by either party before May 1, 1965. Although the renewal clause favors the landlord it does not contravene law, good morals, or public policy. Richard Apartments, Inc. v. Shadix, 150 So.2d 602 (La.App. 4th Cir. 1963). Defendants voluntarily signed the contract and are therefore bound by its terms.
 A written note was given by Mrs. David Kornegay to Mrs. Linnehan. It is dated June 5, 1968 and reads “I have vacated Apt. I as of June 5, I realize I am liability (sic) for July rent.” This notice was not timely given, nor was it shown that this note was accepted in lieu of timely written notice. Defendant has produced no evidence which would show a waiver of the contract provisions. Plaintiff is therefore entitled to recover the full amount of $219.00 as prayed for, plus attorney’s fees of $25.00.
*794 Counsel for defendants contend that Juanita Kornegay has not bound herself as these premises were a community residence and that therefore only the husband as head and master of the community is responsible for the community debt.
Under LSA-R.S. 9:103 a married woman may obligate herself for the benefit of her husband or of the community between them. The question of whether a married woman may obligate herself personally by her signature on a lease was specifically decided in the affirmative by our predecessors in Veazey v. Rogers, 6 So.2d 170 (La.App.Orleans, 1942). We therefore amend the judgment of the lower court to include Juanita Kornegay, also known as Mrs. C. E. Davidson, as defendant and cast her in judgment with her husband, David Davidson, also known as David Kornegay.
Defendants asserted a reconventional demand in the lower court for $50.00 given plaintiff as a deposit. Under the terms of the contract this deposit is security for the payment of rent. Therefore, since this deposit has been retained by the plaintiff, the defendant is entitled to credit therefor and plaintiff is only entitled to a judgment of $194.00. The defendant-appellee filed an exception of no right or cause of action in this court. The court finds no merit to the contention of appellee and said exception is overruled.
Accordingly, the judgment appealed from is amended and recast so as to read as follows :
There shall be judgment herein against Juanita Kornegay, also known as Mrs. C. E. Davidson, and David Kornegay, also known as David Davidson, co-defendants, jointly, severally and in solido, and in favor of plaintiff, for the sum of $194.00, together with legal interest thereon from date of judicial demand until paid. The recon-ventional demand filed by the defendants is dismissed. All costs shall be paid by defendants.
Amended and as amended, affirmed.