263 So.2d 110 (1972)
MIAMI TRUCK & MOTOR LEASING COMPANY et al.
v.
DAIRYMAN, INC., et al.
No. 8877.
Court of Appeal of Louisiana, First Circuit.
May 29, 1972.
Thomas S. Loop and Jacob L. Karno, Metairie, for appellants.
John J. Hainkel, Jr., Porteous, Toledano, Hainkel & Johnson, New Orleans, for defendant-appellees Dairyman, Inc. and Southern Farm Bureau Cas. Ins. Co.
Bruce L. Barrello, New Orleans, for defendant-appellee Liberty Mutual Ins. Co.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
Plaintiffs Miami Truck and Motor Leasing Company and Expert Dairy Service, Inc. brought this suit against Dairyman, Inc., Southern Farm Bureau Casualty Companies, and Liberty Mutual Insurance Company, making the following allegations:
In 1965, Gulf Milk Association, Inc., predecessor of defendant Dairyman, Inc., entered into a lease purchase agreement, under which it was to acquire a 5500 gallon milk transport trailer. Under the terms of that agreement, Gulf Milk agreed to pay $356.25 per month for 48 months, ending October 10, 1969. In the spring of 1967, Gulf Milk offered to transfer the trailer to Miami because it no longer had use for it. Miami agreed to accept the transfer in order to ascertain if it would *111 benefit therefrom. In June, 1967, Gulf Milk transferred the physical possession of the trailer to Miami, which in turn agreed to assume the monthly payments of $356.25, and to make such payments to Gulf Milk.
Thereafter, in June, 1967, Miami leased the trailer to Expert Tank Transport Company, which, in turn, contracted with a Mr. Powell to hire a tractor and driver to haul the trailer, containing a load of milk, to Tupelo, Mississippi. On June 28, 1968, while on that trip, "the tractor and trailer experienced some accident, the exact nature of which is unknown." As a result the trailer was damaged, and its load of milk was lost.
Miami undertook the repair of the trailer at its own expense, which totalled $12,300.16, including the value of the milk. It was never reimbursed for the expenditure, although demand was made on Gulf Milk.
On September 27, 1967, ownership of the trailer was transferred to Miami by Gulf Milk. Miami alleges that, as a result of its repair of the trailer prior to title having passed to it, and as a result of its continuing to make the payments on the purchase price, defendant Dairyman, Inc., as successor to Gulf Milk, has been unjustly enriched to the amount of $12,003.16. Southern Farm is made a party as "the insurance carrier" of Gulf Milk in 1967.
Liberty Mutual is made a party defendant for having allegedly issued a policy insuring either Miami or Expert against damage to the trailer.
Dairyman and Southern Farm filed exceptions of no cause of action to the petition, and Liberty Mutual filed a motion for summary judgment. After argument, the trial court maintained both the exception and the motion, and ordered plaintiffs' suit dismissed. Judgment maintaining the exceptions and dismissing the suit as to Dairyman, Inc. and Southern Farm was signed on August 27, 1971. No judgment maintaining the motion for summary judgment and dismissing the suit as to Liberty Mutual appears in the record. Plaintiffs have appealed from the judgment of August 27, 1971. Since there is neither a final judgment as to Liberty Mutual, nor an appeal therefrom, we cannot consider plaintiffs' argument relative thereto.
As to Dairyman and Southern Farm, plaintiff bases its case on their unjust enrichment, citing Article 1965 of the Civil Code. Articles 1964 and 1965 of the Civil Code provide as follows:
"Equity, usage and law supply such incidents only as the parties may reasonably be supposed to have been silent upon from a knowledge that they would be supplied from one of these sources."
"The equity intended by this rule is founded in the christian principle not to do unto others that which we would not wish others should do unto us; and on the moral maxim of the law that no one ought to enrich himself at the expense of another. When the law of the land, and that which the parties have made for themselves by their contract, are silent, courts must apply these principles to determine what ought to be incidents to a contract, which are required by equity."
However, these articles have application only when the law or the contract between the parties is silent as to their rights to recovery. Thompson v. Taylor, 192 So.2d 609 (La.App. 3 Cir. 1966).
After reviewing the allegations of the petition, we are of the opinion that the contract between the parties was that of lease, coupled with an option to purchase. Article 2669 of the Civil Code defines lease as a contract "by which one party gives to the other the enjoyment of a thing, or his labor, at a fixed price." Article 2670 provides:
"To the contract of lease, as to that of sale, three things are absolutely necessary, to wit: the thing, the price, and the consent."
*112 Since all of the above elements are present in this case, we are of the opinion that the mutual rights and obligations of the parties must be determined under the law of lease. Since there are specific provisions of law applicable, plaintiffs have no cause of action for unjust enrichment.
We find the following codal provisions to be applicable:
"Art. 2692. The lessor is bound from the very nature of the contract, and without any clause to that effect:
"1. To deliver the thing leased to the lessee.
"2. To maintain the thing in a condition such as to serve for the use for which it is hired.
"3. To cause the lessee to be in a peaceable possession of the thing during the continuance of the lease."
"Art. 2693. The lessor is bound to deliver the thing in good condition, and free from any repairs. He ought to make, during the continuance of the lease, all the repairs which may accidentally become necessary; except those which the tenant is bound to make, as hereafter directed."
"Art. 2694. If the lessor do not make the necessary repairs in the manner required in the preceding article, the lessee may call on him to make them. If he refuse or neglect to make them, the lessee may himself cause them to be made, and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable."
These articles have been interpreted to mean that the lessor has the obligation of maintaining the thing leased in good repair. However, if the lessee fails to give him the notice required by Article 2694, the lessor cannot be held liable for same. In the case of Davis v. McConnell, 146 So. 54 (La.App. 2 Cir. 1933), the court said:
"Unless the lessor is advised of the vices or defects in the thing leased he has no opportunity to maintain it, as required by article 2692 of the Civil Code. When informed of the needed repairs to the thing leased, if the lessor fails or declines to make them, then, under article 2694 of the Civil Code, the lessee has the right to do so and to deduct the cost from the rent due. If the cost of indispensable repairs exceed the rent, then lessor is responsible for the difference. The lessor should be put in default before the lessee has the right to act. Mullen v. Kerlec, 115 La. 783, 40 So. 46. Lessor is under no liability for repairs made by lessee where he has not been put in default. Dreyfuss v. Process Oil [& Fuel] Company, 142 La. 564, 77 So. 283; Hartz v. Stauffer, 163 La. 382, 111 So. 794."
In this case, plaintiff has failed to allege that any notice was given prior to the repairs being made, or that Gulf Milk was given any opportunity to make the repairs. He alleges only that a demand for reimbursement was made after the repairs were completed. During the argument of the case before this court, plaintiffs' attorney stated in response to a query from the Court, that he had alleged all the facts in his petition, and that he did not wish to amend it further. Under those circumstances, we find no necessity to remand in order to give plaintiffs the opportunity to do so.
Since we are of the opinion that plaintiffs have not alleged a cause of action, either in unjust enrichment or under the lease articles, the judgment appealed from is affirmed, at plaintiffs' cost.
Affirmed.