GULOTTA, Judge.
In this action for acceleration of rent, the lessor appeals from a judgment maintaining an exception of prematurity. We affirm.
On June 1, 1968, Rault Petroleum Corporation, lessee, entered into a sixty-six year lease of the ground at 1111 Gravier Street, New Orleans. The lease contained the following acceleration clause:
Should the Lessee ... fail to pay the rent ... punctually at maturity, as stipulated ... and should such violation continue for a period of 60 days after written notice has been given to Lessee, then the rent for the whole unexpired term of this lease shall at once become due and exigi-ble; and in such event, Lessor shall have the option ... at once to demand the entire rent for the whole term....
The lease further provided for service of notices at Rault Petroleum’s office or personally on its officers:
All notices, demands and requests which may or are required to be given by either party to the other shall be in writing. All notices, demands and requests by Lessor to Lessee shall be deemed to have been properly given if served personally on an officer of Lessee or if sent by United States registered mail, postage pre-paid, addressed to Lessee at 1010 Commerce Building, New Orleans, Louisiana, or at such other place as Lessee may from time to time designate hereafter in a written notice' to Lessor....
In 1974, Rault assigned its lease to The Domed Stadium Hotel, Inc., a corporation with the same officers as Rault Petroleum. Plaintiff-lessor Audrey R. Saladino was aware of this transfer and intervened in an act of mortgage by The Domed Stadium Hotel, Inc.
In 1977, The Domed Stadium Hotel, Inc. notified Saladino by certified mail that it was appointing Life and Casualty Insurance Company of Tennessee as its agent to receive any notice of default under the lease. In 1980, however, Rault Petroleum Corporation re-acquired the original ground lease.
When the rental for October, 1981 was not timely paid, Saladino’s attorney gave notice of default in a certified letter to The Domed Stadium Hotel, Inc. at 1111 Gravier Street. A desk clerk at The Domed Stadium Hotel signed the postal receipt for this letter on October 31, 1981.
On November 3, 1981, Joseph M. Rault, Jr., president of both Rault Petroleum Corporation and The Domed Stadium Hotel, Inc., issued two checks in payment of the rentals for October and November, 1981. Saladino deposited them on November 11, 1981, but they were returned to her unpaid because of insufficient funds. Neither Sa-ladino nor her attorney notified Rault of the insufficiency, however.
After the expiration of sixty days from her attorney’s October letter, Saladino filed suit on January 11,1982, for acceleration of the entire rent for the remainder of the lease period. Rault Petroleum Corporation and The Domed Stadium Hotel, Inc. were named as defendants. During the penden-cy of the suit, Rault has deposited checks covering the arrearages and the current rentals in the registry of the court.
In written “REASONS FOR JUDGMENT” maintaining the exception of prematurity, the trial judge stated:
“Even if the July, 1977 letter did not make Life Casualty the exclusive agent for service of notice, there is nothing in *716 any of the documents that would authorize notice by mail addressed to the Domed Stadium Hotel, Inc. at 1111 Gravier Street. The lease requires notice by letters addressed to the Lessee at 1010 Commerce Building or served personally on an officer of Lessee. Neither was done here.”
Although conceding her suit is premature as to Rault Petroleum Corporation because it was never notified, Saladino contends that the trial court erred in dismissing her claim against The Domed Stadium Hotel, Inc. According to Saladino, the certified letter regarding nonpayment delivered to 1111 Gravier Street was sufficient notice to The Domed Stadium Hotel, Inc. because it maintained its office there and the lease does not require notice be given to any particular person affiliated with the lessee. Saladino contends that Joseph M. Rault, Jr., president of The Domed Stadium Hotel, Inc. had actual notice of the default (as evidenced by his submission of rental checks in payment of the arrearages in November, 1981), and that it would have been a “vain and useless thing” to direct a notice to the 1010 Commerce Building address where The Domed Stadium Hotel, Inc. did not maintain an office.
We find no merit to Saladino’s contentions. In a dispute arising under a contract of lease, the contract is the law of the case. See Dikert v. Ruiz, 231 So.2d 633 (La.App. 4th Cir.1970). This court has held that the parties to the lease are bound by its written terms, including specific notice requirements. See Brignac v. Boisdore, 272 So.2d 463 (La.App. 4th Cir.1973), affirmed 288 So.2d 31 (La.1973); Audrey Apartments v. Kornegay, 255 So.2d 792 (La.App. 4th Cir.1971).
As pointed out by the trial judge, the lease requires written notice of default addressed to the lessee at “1010 Commerce Building” or served personally on an officer of the lessee. A third alternative for notifying The Domed Stadium Hotel, Inc. is through the Life and Casualty Insurance Company of Tennessee, the appointed agent for receipt of notice. The lessor failed to comply with any of these methods of notification. Accordingly, absent proper notice to the lessee, the 60 day “grace period” after notification never commenced, and the lessor’s right to accelerate the rentals never ripened into a cause of action. Under these circumstances, the trial court properly maintained the exception of prematurity.
In so holding, we distinguish Polizzotto v. D’Agostino, 170 La. 932, 129 So. 534 (1930), relied on by Saladino. In Polizzotto, a letter expressing the lessee’s intention to renew his lease was held to comply with a lease provision requiring written notice to the lessor. The property had been leased to V. Polizzotto individually; however, the notice was signed “V. Polizzotto & Sons.” The Supreme Court stated that the notice, though “technically informal”, sufficiently advised the lessor of lessee’s intention. The Court overlooked the technicality in form to uphold the substance of the lease renewal. There was no issue, in Polizzotto, of improper service of the renewal notice as in our case.
Accordingly, the judgment is affirmed.
AFFIRMED.