CRAIN, Judge. ,
Plaintiff appeals a judgment of the trial court which granted defendant’s exception of prescription.
On December 18, 1970, Charles E. Jenkins (Jenkins) secured a loan from Tangi Finance Service, Inc. (Tangi). In conjunction with this loan Jenkins purchased a group credit insurance policy from American Public Life Insurance Company (American) that provided accident, health and life insurance coverage to repay the loan in the event of appellant’s death or disability.
Jenkins became disabled on or about March 15, 1971. Proofs of loss were submitted, and American began making payments on the claim to Tangi. The main cause of the disability upon which these payments were made was that Jenkins suddenly became afflicted with a disabling mental illness necessitating his hospitalization in a mental institution.
In May 1972, American terminated the payments on the basis that Jenkins’ disabling condition preexisted the effective date of the policy and therefore was not covered.
In July 1972, Tangi sued Jenkins for the balance due on the loan. The proceedings resulted in a judgment against Jenkins in favor of Tangi.
Jenkins took no further action in pursuit of his claim for insurance benefits from American until he filed this suit on August 5, 1976.
On the day of the trial, American filed an exception of prescription. An exception of nonjoinder of an indispensable party was also filed by American which was sustained by the trial court. This required appellant to join Tangi. The trial court then allowed Tangi to file an exception of res judicata based upon the previous judgment obtained against Jenkins on the loan. The res judi-cata exception was never considered by the trial court.
A hearing on the exception of prescription was set for February 27, 1981. At the hearing, medical records in support of Jenkins’ claim of mental incompetence were barred from introduction. The trial court then dismissed Jenkins’ suit as having prescribed because the suit was not filed until four years and two months after American had denied the claim.
On March 20, 1981, counsel for Jenkins filed a petition for a new trial alleging that Jenkins had been the victim of fraud and ill practice in that opposing counsel refused to stipulate to the medical reports as allegedly agreed upon. The petition for new trial was subsequently denied on October 15, 1982.
Appellant now argues on appeal that the trial court erred in sustaining American’s exception of prescription. We affirm.
In Jenkins’ first assignment of error he argues that the trial court erred in sustaining the exception of prescription upon the evidence presented and also that it was error for the trial court not to allow the introduction of the medical records to prove appellant’s mental incompetence during the prescriptive period.
The health and accident policy section of the Louisiana Insurance Code, La. R.S. 22:213(A), states in part that:
(N)o time limitation with respect to the filing of notice or proof of loss or within which suit may be brought upon the policy shall differ from the time limitations of the following provisions:
(5) Proofs of loss: Affirmative written proof of loss must be furnished to the insurer at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the insurer is liable and in case of claim for any other loss within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event later than one year from, the time proof *325 is otherwise required. (Emphasis added.)
(11) Legal action: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proofs of loss have been filed in accordance with the requirements of this policy. No such action shall be brought after the expiration of one year after the time proofs of loss are required to be filed. (Emphasis added.)
Under this type policy, appellant must submit proofs of loss not later than one year and 90 days after the date of the loss, and suit must be filed not later than one year thereafter. The record reflects that when appellant’s suit was filed on August 5, 1976, approximately five and one-half years had elapsed since he became disabled on March 15, 1971, and four years and two months since the last disability payment. Accordingly, we hold that there was no error when the trial court sustained American’s exception of prescription.
Appellant also argues that the medical records were improperly denied introduction into evidence. Appellant alleges the medical records, if allowed into evidence, would establish that appellant was mentally incompetent, and therefore prescription would be interrupted.
Although it is true that prescription does not run against mental incompetents, appellant failed in his responsibility to produce to the court sufficient evidence of his mental incompetence during the period of time in which he failed to take any action.
La.R.S. 13:3714 does allow properly certified copies of medical records to be received in evidence as prima facie proof of their contents. However, our review of the medical records which were proffered indicate that appellant was given a direct status discharge on October 13, 1972, from Southeast Louisiana Hospital. The records furnish no evidence of plaintiff’s mental capacity subsequent to that date. Since appellant failed to file suit until August 5, 1976, his suit has prescribed even considering the medical records.
Appellant, in the last assignment of error, argues that the trial court erred both at trial and upon application for new trial in failing to rule upon, render and sign a judgment disposing of the exception of res judicata filed by Tangi; Appellant seeks to have the case remanded to the trial court for a decision on this exception.
The issue of whether or not the trial court should have disposed of the exception of res judicata filed by Tangi is not before this court. The judgment maintaining the exception of prescription and dismissing the suit as to American was signed on March 11, 1981. No judgment was rendered as to Tangi. Appellant has appealed from the judgment of March 11, 1981. La. C.C.P. 2083 provides that the only judgments appealable are either final judgments or interlocutory judgments which may cause irreparable injury. Since there is no judgment as to Tangi, there is nothing from which an appeal can be taken. Conse-qufently, we cannot consider appellant’s assignment of error. Miami Truck & Motor Leasing Co. v. Dairyman, Inc., 263 So.2d 110 (La.App. 1st Cir.1972). The matter is still pending before the trial court.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by appellant.
AFFIRMED.