| PLOTKIN, Judge.
Defendant Anh Ngoc Duong appeals a trial court judgment granting a petition for eviction filed by plaintiff New Orleans Minority Business Center, Ltd. (NOMBC), directing Ms. Duong to vacate the premises at the 210 O’Keefe Building in the City of New Orleans. For the reasons which follow, we reverse.
On December-27,1965, Ms. Duong entered a lease agreement for office space on the ground floor of the building located at 210 O’Keefe St. with NOMBC, which owns the *158 property. The lease period began February 15, 1996 and was to continue for 60 months thereafter. On March 27, 1996, Ms. Duong obtained an occupational license in her own name and in the name of her business, “Thai Spa”; that license remained effective until December 31,1996.
However, on December 19, 1996, NOMBC issued a Notice to Vacate the Premises to Ms. Duong, citing the following reasons: “eating and sleeping on the premises, no occupational licence in lessee’s name, and causing disturbances.” On December 31, 1996, a second occupational license was obtained for the business, |2this time in the name of “Thai Spa” and “Tuan Duong”; Tuan Duong is reportedly Ms. Duong’s son.
On January 7, 1997, NOMBC filed a Petition for Eviction, claiming that Ms. Duong failed to obtain a business license, that she denied access to the leased premises, and that she was using the leased premises as a residence, all in violation of the lease. Following an expedited hearing on the matter held on January 17, 1997, the trial court found only “ambiguous” evidence to support NOMBC’s claims that the lessor had been denied access to the leased premises and that the leased premises were being used as a residence. Nevertheless, the trial court granted the Petition for Eviction, based on the fact that Ms. Duong had failed to obtain a valid occupational license in her own name. Ms. Duong has appealed.
A lease is a contract; when disputes arise under the contract, the lease itself is considered the law of the case. Audrey Apartments v. Kornegay, 255 So.2d 792, 793 (La.App. 4th Cir.1971). Thus, any uncertainty in a lease agreement must be construed against the lessor, in favor of the lessee, and against dissolution, in favor of maintenance of the lease. Wilson v. Cost Plus, 375 So.2d 688, 686 (La.App. 2d Cir.1979). See also Riverside Realty Co. v. National Food Stores, 174 So.2d 229, 282 (La.App. 4th Cir.), writ refd, 247 La. 1037, 175 So.2d 647 (La.1965). When a lease is silent concerning a particular issue, this is considered an ambiguity which should be construed against the lessor, especially when the surrounding circumstances are also ambiguous. Guilbeau v. C & D Reprographics-Lafayette, 568 So.2d 206, 212 (La.App. 3d Cir.), writ denied, 571 So.2d 653 (La.1990).
In the instant case, NOMBC claims thát a requirement that the occupational license for the business operated on the leased premises be in the name of the Rlessee is implied by paragraph 3 of the lease instrument, which provides as follows:
USE OF PREMISES: Lessee shall use the Leased Premises for general offices, solely for the purpose of carrying out its own business therein.
However, the above provision does not even address the occupational license issue, but only requires that the business operated at the location be the lessee’s “own” business. NOMBC failed to present any evidence to prove that the business being operated on the leased premises in this case was not Ms. Duong’s business. No evidence was presented to prove that an occupational license must reflect the name of the owner of the business. The evidence indicates that a valid occupational license was in effect for the “Thai Spa” at all times pertinent to this appeal.
Accordingly, because we find the record evidence insufficient to prove a violation of the lease agreement in question, we reverse the trial court judgment granting the Petition of Eviction and ordering Ms. Duong to vacate the leased premises.

REVERSED AND RENDERED.